NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTIANA ITIOWE, | |
| Plaintiff, | Civil Action No. 13-2865 |
| v. | **OPINION** |
| THE FEDERAL COMMUNICATIONS COMMISSION AND MORRIS BROADCASTING COMPANY, | |
| Defendants. | |

PISANO, District Judge

This matter comes before the Court by way of Defendant Morris Broadcasting Company ("Defendant" or "Morris Broadcasting")'s unopposed motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court has considered Defendant's unopposed motion and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth, Defendant's motion is granted.

**I.    Background and Procedural History**

On or about May 3, 2013, *pro se* Plaintiff Christiana Itiowe ("Plaintiff") filed a complaint in this Court, seeking $500 million in compensation from Defendant Morris Broadcasting Company and $5 trillion in compensation against the Federal Communications Commission (the "FCC"). Plaintiff's complaint consists of a series of letters, and is largely intelligible. From reviewing the complaint at length, it appears that Plaintiff is alleging that Morris Broadcasting wrongly terminated her on May 9, 2011. While Plaintiff was apparently told that she was being terminated due to her bad attitude, she appears to assert that this was a pretext. Instead, Plaintiff asserts that she was terminated because she speaks with an accent, due to the fact that she was

raised in Nigeria. It appears that Plaintiff filed a charge with the EEOC following her termination, and that she received a right-to-sue letter. Plaintiff further states that she has also name the FCC in this action because it "regulates radio licenses and have not yet truly placed a focus on regulating on air radio personality properly. . . ."

On October 15, 2013, Defendant Morris Broadcasting filed this current motion to dismiss, arguing that dismissal was appropriate because Plaintiff failed to establish that jurisdiction was appropriate in this Court. On October 17, 2013, Plaintiff responded to Morris Broadcasting's motion by filing a letter with the Court indicating her intention to hold a press conference instead of filing a formal opposition. After various other motions were filed by Plaintiff, she eventually requested a stay from this Court on December 3, 2013 until January 31, 2014. On December 9, 2013, the Court granted this request, administratively terminating the pending motion until Plaintiff submitted a written application to this Court alerting the Court of her ability to proceed. After receiving such written application from Plaintiff on January 8, 2014, the Court entered an Order restoring this matter to the active docket. As part of this Order, the Court deemed this current motion refiled as of January 10, 2014, and set the remaining briefing schedule; specifically, the Court gave Plaintiff an opportunity to submit an opposition brief by February 2, 2014, and allowed Morris Broadcasting to thereafter file a reply brief by February 11, 2014. Plaintiff has since then filed a series of motions with this Court, but has yet to file an opposition brief. Accordingly, the Court will treat this pending motion as unopposed.

## II.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Rule 12(b)(1) challenges may be either facial or factual attacks. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Facial

attacks "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). A defendant may also challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint. *See Mortensen*, 549 F.2d at 891. In such circumstances, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff bears the burden of proving that the court has jurisdiction to adjudicate the claims in the complaint. *See Mortensen*, 549 F.2d at 891. In determining whether a *pro se* complaint asserts a valid basis for subject matter jurisdiction, the court must construe the complaint liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

### III.     Discussion

####      A.     Plaintiff's Claims Against the FCC

Plaintiff has named the FCC as one of the defendants in this current action. As discussed, Plaintiff's claims against the FCC appear to be based upon Plaintiff's belief that it fails to properly regulate radio licenses. To bring a claim against the United States or its agencies, however, a plaintiff must identify an unequivocal waiver of sovereign immunity in statutory text. *FAA v. Cooper*, 132 S. Ct. 1441, 1448 (2012). Any such waiver "must be unequivocally expressed in statutory text and will be strictly construed, in terms of its scope, in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (citations and quotations omitted). "A court may only exercise jurisdiction over the Government pursuant to a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms

3

of the waiver." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 498 (2006) (citation and quotation omitted). Accordingly, any claims by Plaintiff against the FCC, which enjoys sovereign immunity as an agency of the United States, are barred unless the immunity has been waived. *See, e.g.*, *Pavalone v. United States DOD*, Civil Action No. 11-1448, 2012 WL 1569605, at *2 (M.D. Pa. Mar. 27, 2012); *Brown v. FCC*, Civil Action No. 91-3001, 1991 WL 87908, at *1 (E.D. Pa. May 23, 1991). Here, the complaint has alleged no such statutory waiver of immunity. Therefore, Plaintiff's claims against the FCC are dismissed.[1]

### B. Plaintiff's Claims Against Morris Broadcasting

Defendant Morris Broadcasting has moved to dismiss Plaintiff's claims against it, asserting that "[a] search of the entire Complaint fails to provide any facts that sustain jurisdiction in this court." Br. at 3. Morris Broadcasting argues that Plaintiff has failed to meet the requirements of Rule 8(a) but providing a "short and plain statement for the grounds for the court's jurisdiction. . . ." *Id.* (citing Fed. R. Civ. P. 8(a); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

The Court agrees that Plaintiff's complaint is anything but clear concerning the basis of jurisdiction in this Court. Throughout the several pages of letters that make up this complaint,

---

[1] Plaintiff has also yet to properly serve the FCC. Rule 4(i) sets out the proper procedure for serving an agency of the United States. The Rule requires the serving party to properly serve the United States, by (1) "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought," and (2) by "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." The party must also serve the agency by "send[ing] a copy of the summons and of the complaint by registered or certified mail to the agency. . . ." Fed. R. Civ. P. 4(i)(1), (2). Here, Plaintiff filed her complaint on May 3, 2013. The docket reflects that on August 13, 2013, Plaintiff delivered a copy of the summons and complaint to the FCC, but did not do the same for the United States Attorney for the District of New Jersey or the Attorney General. Rule 4(m) requires a party to serve a defendant within 120 days after the complaint is filed. Failure to do so may result in a dismissal of the action, unless the plaintiff can prove the failure was due to good cause. Plaintiff has yet to serve the FCC properly, and her only excuse is that she was unaware of how to properly serve the FCC. See ECF no. 36. Litigants, whether represented by counsel or not, are expected to comply with the Federal Rules of Civil Procedure when they file in federal court. Mere ignorance of the rules does "not provide good cause to excuse [a party's] failure to serve the defendants within the time allotted under the rules." Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006). Therefore, because it has been nearly a year since Plaintiff has commenced this action and she has still failed to properly serve the FCC, Plaintiff's claims against the FCC must fail.

Plaintiff appears to be attempting to bring a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), specifically based upon national origin discrimination. Plaintiff makes references to filing a claim with the EEOC and receiving a "right to sue letter," for example. *See* Compl. at 3. She also alleges that she was fired due to her Nigerian accent. Obviously, if Plaintiff does intend to bring a claim under Title VII, this Court would have jurisdiction under 28 U.S.C § 1331. The Court, however, is merely speculating as to the possible basis for Plaintiff's claims. While *a pro se* litigant's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94, a complaint must still "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Plaintiff's complaint not only falls short of providing any notice to Morris Broadcasting of the basis of her claims, but also fails to assure this Court that jurisdiction properly exists here. Consequently, such allegations are insufficient under Rule 8.

      Therefore, the Court will grant Morris Broadcasting's motion to dismiss, but stresses that this dismissal is without prejudice. Considering Plaintiff's *pro se* status, the Court will allow Plaintiff to file an amended complaint, if she so chooses, within thirty days. In this amended complaint, Plaintiff must make clear the grounds for this Court's jurisdiction. A failure to do so will result in this complaint's dismissal with prejudice. The Court cautions Plaintiff that if she is bringing her claims under Title VII, she must allege that she has exhausted her administrative remedies under the EEOC and that she filed this complaint timely after receiving her "right-to-sue" letter. A complainant cannot bring a private action under Title VII until the complainant exhausts its administrative remedies. Such an action must also be filed within 90 days of receiving the right-to-sue letter from the EEOC. A failure to do either of these things will

prevent a plaintiff's cause of action from going forward. *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469-71 (3d Cir. 2001). Consequently, Plaintiff must provide such factual allegations if she intends to bring a claim under Title VII, or risk having her complaint dismissed.[2]

### IV.  Conclusion

For the reasons stated above, the FCC is dismissed from this action. Morris Broadcasting's motion to dismiss is granted, without prejudice. Plaintiff will have thirty days to file an appropriate amended complaint. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: May 23, 2014

---

[2] Because the Court is dismissing Plaintiff's Complaint, Plaintiff's pending motion to transfer venue is administratively terminated.